**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HEATHER MILLS,** | : | **CIVIL ACTION NO. 4:11-CV-686** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **SERVICE FIRST CREDIT UNION and XYZ CORPORATION,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 28th day of July, 2011, upon consideration of the partial motion to dismiss (Doc. 10), filed by Service First Credit Union ("SFCU"), wherein SFCU requests that the court "strike any and all class allegations" from plaintiff Heather Mills' ("Mills") complaint, and wherein SFCU contends that Mills' claims cannot satisfy the predominance requirement for class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure,[1] and upon further consideration of Mills' opposition to the motion to dismiss (Doc. 13), wherein Mills identifies multiple cases in which other federal district courts "have approved class action claims in similar cases" (Doc. 13 at 2), and the court noting that the parties have not yet conducted discovery in this case and that Mills has not yet moved for class

[1] Rule 23 states in relevant part: "(b) . . . A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members . . ." FED. R. CIV. P. 23.

certification,[2] and the court considering the Third Circuit's "emphasi[s] [on] the importance of discovery as part of the class certification process,"[3] and the court finding that the cases in which the complaint itself reveals that the case cannot proceed as a class action are "rare" and "few", Landsman & Funk PC, 640 F.3d at 93, and recognizing that other judges in this district have denied similar motions to dismiss as premature,[4] and the court concluding that the instant case is not one of

---

[2] See Landsman & Funk PC v. Skinder-Strauss Assoc., 640 F.3d 72, 93 (3d Cir. 2011) (commenting on a district court's class certification analysis, and concluding that its "ruling was premature," where, *inter alia*, "there had been no motion for class certification and no discovery").

[3] Landsman & Funk PC, 640 F.3d at 93 ("we emphasized the importance of discovery as part of the class certification process . . . Accordingly, '[a]llowing time for limited discovery supporting certification motions may . . . be necessary for sound judicial administration.'" (quoting Weiss v. Regal Collections, 385 F.3d 337, 347 n. 17 (3d Cir. 2004)).

[4] In Vlachos v. Choice One Cmty. Fed. Credit Union, No. 3:11-CV-57 (M.D. Pa. May 16, 2011), the plaintiff alleged the same violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, as Mills alleges in the instant case. The defendant moved to "dismiss and/or strike any and all class allegations from Plaintiff's Complaint," and the court denied the motion because it was "not the rare case where a pre-discovery decision is appropriate." In Vlachos v. Tobyhanna Army Fed. Depot Fed. Credit Union, 2011 WL 2580657 (M.D. Pa. June 29, 2011), the plaintiff alleged the same violation of EFTA. The court denied the motion as premature, because there was not yet a motion for class certification.

the "rare" or "few" cases in which the court should dismiss or strike class claims with no discovery, solely on the basis of the pleadings, it is hereby ORDERED that the partial motion to dismiss (Doc. 10) is DENIED.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge